**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

SCURA, WIGFIELD HEYER & STEVENS, LLP
1599 HAMBURG TURNPIKE
WAYNE, NEW JERSEY 07470
TELEPHONE: 973-696-8391
DAVID L. STEVENS (Attorney ID 034422007)
*Counsel for the Debtor*

**Order Filed on October 18,**
**2016 by Clerk, U.S. Bankruptcy**
**Court - District of New Jersey**

In Re:

SCOTT P. COWAN,

        DEBTOR.

Chapter 11

Case No.: 16-14758-SLM

Judge:  Hon. Stacey L. Meisel

Hearing Date: October 11, 2016 at 11:00 a.m.

**ORDER AUTHORIZING PRIVATE SALE FREE AND CLEAR OF**
**LIENS AND ENCUMBRANCES and WAIVING FOURTEEN-DAY STAY**

The relief set forth on the following pages, numbered two through seven, is hereby

**ORDERED**

**DATED: October 18, 2016**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Debtor:              Scott P. Cowan
Case No.:            16-14758
Caption of Order:    Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and
                     Waiving the Fourteen-Day Stay

Upon the motion of the above captioned Debtor-in-Possession for entry of an order pursuant

to 11 U.S.C. §§ 363 and Fed. R. Bankr. P. 6004 and 6006, authorizing the sale of real property 1400

East Elizabeth Avenue, Linden, State of New Jersey, As Is, Where Is, and free and clear of interests,

claims, liens and encumbrances; and seeking an order waiving the fourteen-day stay provided for in

Federal Rules of Bankruptcy Procedure 6004(h) (the "Motion"), as is more fully set forth in the

Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and

(O), and (iii) notice of the Motion and proposed form of Order was served on those parties required

to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local

Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and the Court having determined that the

relief sought in the Motion is in the best interests of Debtor, its estate and its creditors; and after due

deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This

matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of the Motion

is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

2

Debtor:              Scott P. Cowan
Case No.:            16-14758
Caption of Order:    Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and
                     Waiving the Fourteen-Day Stay

B.      Approval of the Sale[1] at this time will maximize the value of the estate, and hence, such approval is in the best interest of the Debtor, its creditors, and its estate.

C.      The Debtor has articulated sound business reasons for consummating the Sale outside of a plan of reorganization/liquidation, and it is a reasonable exercise of the Debtor's business judgment to consummate the Sale.

D.      The Debtor may sell the Property to William Bresley and Christine Bresley (the "Purchasers") free and clear of all liens, claims, interests and encumbrances in accordance with, and to the extent permitted by, Bankruptcy Code section 363(f).

E.      The transfer of the Property does not and will not subject Purchaser to any liability whatsoever with respect to the ownership of the Debtor's assets prior to the closing.

F.      The purchase price to be paid by Purchaser pursuant to Contract for the Sale and Purchase of Real Property is fair consideration and constitutes reasonably equivalent value. ~~for the Business.~~

G.      Purchaser is a purchaser in good faith, as that term is used in Bankruptcy Code section 363(m), with respect to the Sale.  The Sale was negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion, and therefore, Purchaser is entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale.  Neither the

---

1 All capitalized terms not defined herein are intended to have the meanings ascribed to them in the accompanying Verified Motion.

Debtor:              Scott P. Cowan
Case No.:            16-14758
Caption of Order:    Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and
                     Waiving the Fourteen-Day Stay

Debtor nor Purchaser has engaged in any conduct that would cause or permit the Sale to be voided,

nor that would justify the imposition of costs or damages, under Bankruptcy Code section 363(n).

H.      As evidenced by the certificates of service filed with the Court, (i) proper, timely,

adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code

sections 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014; (ii) such notice was good, sufficient

and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion

or the entry of this Order shall be required.

I.      Non-debtor parties holding either valid liens, claims, interests or encumbrances with

respect to the Debtor's sold assets who did not object, or who withdrew their objections to the

Motion are deemed to have consented to the Sale free and clear of all liens, claims, interests and

encumbrances pursuant to Bankruptcy Code section 363(f)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      All of the findings of fact and conclusions of law set forth above are incorporated

herein by reference, and the Motion is granted as set forth herein.

2.      The Sale, and all ancillary documents and transactions contemplated therein, are

approved and authorized under the Bankruptcy Code, including sections 105 and 363 thereof.

3.      The transfer of the Property by Debtor to Purchaser upon closing will be a valid, legal,

and effective transfer of the Property notwithstanding any requirement for approval or consent by any

entity (as defined in section 101(15) of the Bankruptcy Code).

4

| Debtor: | Scott P. Cowan |
|---|---|
| Case No.: | 16-14758 |
| Caption of Order: | Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and Waiving the Fourteen-Day Stay |

4.      Pursuant to Bankruptcy Code section 363(b), the Debtor is hereby authorized to sell and transfer the Property pursuant to and in accordance with the terms and conditions of the Contract of Sale and Purchase of Real Property between the Debtor and Purchaser and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated in connection with the Sale without any further authorization of the Court.

5.      Customary closing adjustments payable by the Debtor for municipal charges or assessments may be satisfied from the proceeds of the sale at closing.  With the exception of the real property taxes encumbering the Property, which shall be paid at closing, upon closing title to the Property shall pass to Purchaser pursuant to, and to the fullest extent permitted by, Bankruptcy Code section 363 and all other applicable laws, free and clear of any and all liens, claims, interest and encumbrances, including, but not limited to: (i) any lien, replacement lien, claim, interest or charge granted to the any party under any Order entered in this case; and (ii) mechanics', materialmen's and other consensual and non-consensual liens and statutory liens), security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in Bankruptcy Code section 101(5)), reclamation claims, malpractice claims, tort claims, any liability or obligations under COBRA, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or

5

Debtor:              Scott P. Cowan
Case No.:            16-14758
Caption of Order:    Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and
                     Waiving the Fourteen-Day Stay

domestic government entity, claims for reimbursement, contribution, indemnity or exoneration,

assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-

ego, environmental, successor liability, tax and other liabilities, causes of action and claims, and in

such case whether secured or unsecured, choate or inchoate, filed or unfilled, scheduled or

unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material

or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or

subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or

otherwise (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the

proceeds of sale with the same priority, validity, force, and effect as they existed with respect to the

Business assets before the closing, subject to any and all rights, claims, defenses, and objections of

Debtor and any other party-in-interest. The net sales proceeds shall be held by Debtor's counsel

pending further order of the Court.

6.      The Sale shall subject Purchaser to any liability by reason of such transfers and

assignments under the laws of the United States, any state, territory or possession thereof or the

District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity,

including, without limitation, any theory of successor or transferee liability, and all creditors and

parties-in-interest are prohibited from asserting such claims against Purchaser.

7.      The Sale constitutes legal, valid, and effective transfers and shall vest Purchaser with

all right, title, and interest of the Debtor in the Property.

6

Debtor:                Scott P. Cowan
Case No.:              16-14758
Caption of Order:      Order Authorizing the Sale of Real Property Free and Clear of Liens and Encumbrances and
                       Waiving the Fourteen-Day Stay

8.       All objections to the Motion and the relief requested therein that have not been

withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby

overruled on the merits and denied.

9.       This Court shall retain exclusive jurisdiction to enforce the provisions of this Order

and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of

this Order or the rights and duties of the parties hereunder or thereunder, including, without

limitation, any issue of dispute concerning the transfer of the Property free and clear of Liens and

Claims.

10.      The provisions of this Order shall be self-executing, and neither the Debtor, Purchaser

nor any other party shall be required to execute or file releases, termination statements, assignments,

cancellations, consents or other instruments to effectuate, consummate and/or implement the

provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse

such parties from performing any and all of their respective obligations under the Sale.

11.      The Sale approved by this Order is not subject to avoidance or the imposition of costs

and damages pursuant to Bankruptcy Code section 363(n).

12.      The consideration to be provided by Purchaser in exchange for the Property is hereby

deemed to constitute reasonably equivalent value and fair consideration.

13.      A true copy of this Order shall be served on all parties who received notice of the

Motion within seven (7) days of the date hereof.

7