UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
HELLRING LINDEMAN GOLDSTEIN
  & SIEGAL LLP
Patricia A. Staiano, Esq.
Attorneys for Benjamin A. Stanziale, Jr.,
  Chapter 7 Trustee
One Gateway Center
Newark, New Jersey 07102-5323
973.621.9020

**Order Filed on March 9, 2017
by Clerk, U.S. Bankruptcy
Court - District of New Jersey**

In Re:

SCOTT P. COWAN,

                    Debtor.

Case No. 16-14758-SLM

Chapter 7 Proceeding

Honorable Stacey L. Meisel

Hearing Date:  March 7, 2017 at 10:00 a.m.

ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY, FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §363(b) & (f)

| Recommended Local Form: | ☐ Followed | ☒ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) through thirteen (13)

is hereby ORDERED.

**DATED: March 9, 2017**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Case No.        16-14758-SLM

Debtor:         SCOTT P. COWAN

Title of Order: ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                PURSUANT TO 11 U.S.C. §363(b) & (f)

THIS MATTER came before the Court on the Motion, Certification and

Memorandum of Law  ("Sale Motion") of Benjamin A. Stanziale, Jr., Chapter 7 Trustee

("Trustee") for debtor, Scott P. Cowan ("Debtor") for entry of an Order (the "Sale Order")

authorizing the Trustee to sell all right, title and interest in and to the real property, known by

the street address 35 Prescott Street, Demarest, New Jersey, 07627 and designated on the

municipal tax map as lots 256, 257, 258, 259 260 on a certain map entitled "Plan of Boston

Land Co. Estate, Demarest, N.J." filed in the Bergen County Clerk's Office on December

11, 1891 as Filed Map No. 554 (the "Property").  The Property is occupied as a single

family home by the Debtor, his non-debtor spouse Suzanne Cowan (not an owner), and their

daughter.  The Trustee has moved to sell the Property free and clear of all liens, claims,

interests, and encumbrances pursuant to 11 U.S.C. §363(b) & (f), for removal of a tenant from

the Property, and related relief.

    After competitive bidding (if applicable) the highest and best offer received was

from Jay Lustberg and Margaret Ann Lustberg ("Purchasers") pursuant to an Agreement of Sale

dated as of January 26, 2017 (the "Agreement of Sale") and attached as Exhibit "A" hereto and

incorporated herein in the amount of $566,500, subject to contingencies and adjustments as set

forth in the Agreement of Sale.

2

Case No.        16-14758-SLM

Debtor:         SCOTT P. COWAN

Title of Order: ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §363(b) & (f)

NOW THEREFORE, after due deliberation and cause appearing therefore, it is

ORDERED AND FOUND AS FOLLOWS:

1.      This Court has jurisdiction to hear and determine the Sale Motion

pursuant to 28 U.S.C. §§157 and 1334.

2.      Determination of the Sale Motion is a core proceeding under 28 U.S.C.

§157(b)(2)(A), (M), (N) & (O).  The statutory predicates for the relief requested herein are

11 U.S.C. §§105 and 363 and Fed. R. Bankr. P. 2002 and 6004.

3.      Proper, timely, adequate and sufficient notice of the Sale Motion, the

sale hearing, the bidding procedures, the auction or private sale (as applicable), and the

transactions contemplated thereby have been provided in accordance with 11 U.S.C.

§102(1) and Fed. R. Bankr. P. 2002 and 6004, and no other or further notice of the Sale

Motion, the sale hearing, or the entry of this Sale Order is required.

4.      A reasonable opportunity to object or be heard regarding the requested

relief in the Sale Motion has been afforded to all interested persons and entities.

5.      The Trustee has full power and authority to execute the Agreement of

Sale and all other documents contemplated thereby.  The Trustee has all the power and

authority necessary to consummate the transactions contemplated by the Agreement of Sale

Case No.        16-14758-SLM

Debtor:         SCOTT P. COWAN

Title of Order:  ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                 AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                 LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                 PURSUANT TO 11 U.S.C. §363(b) & (f)

and no consents or approvals, other than those expressly provided for in the Agreement of

Sale, are required for the Trustee to consummate such transactions.

      6.    The Agreement of Sale reflects the exercise of the Trustee's sound

business judgment and a proper exercise of the Trustee's fiduciary duties.

      7.    Approval at this time of the Agreement of Sale is in the best interest of

the Trustee, creditors, parties in interest, and the bankruptcy estate. Good and sufficient

business justification for consummating the sale transaction pursuant to 11 U.S.C. §363(b)

has been established.

      8.    The terms and conditions of the Agreement of Sale are fair and

reasonable. Purchasers' offer yields the highest net return to the Debtor's Estate.

Accordingly, the Agreement of Sale represents the highest and best offer for the Property,

and the purchase price payable thereunder is fair and reasonable.

      9.    The Agreement of Sale was negotiated, proposed, and entered into by

the parties without collusion, in good faith, and from an arm's length bargaining position.

Purchasers are buyers in good faith of the Property under 11 U.S.C. §363(m), and, as such,

are entitled to the protections afforded thereby.

4

Case No.          16-14758-SLM

Debtor:           SCOTT P. COWAN

Title of Order:   ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                  AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                  LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                  FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                  PURSUANT TO 11 U.S.C. §363(b) & (f)

10.     Neither the Trustee nor the Purchasers or any of them has engaged in
any conduct which would cause or permit the Agreement of Sale and the transactions
contemplated thereby to be avoided under 11 U.S.C. §363(n).

11.     The transfer of title to the Property pursuant to the Agreement of Sale
is or will be a legal, valid, and effective transfer of property of the Debtor's estate to
Purchasers, free and clear of all liens, claims, interests, and encumbrances under 11 U.S.C.
§363(f).

12.     Except as provided in the Agreement of Sale, consummation of the
sale transaction does not and will not subject Purchasers to any debts, liabilities,
obligations, commitments, contingent or otherwise, existent as of the date hereof or
hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any person by
reason of such transfers and assignments under the laws of the United States, or any state
applicable to such transactions.

13.     All of the provisions of this Sale Order and the Agreement of Sale are
non-severable and mutually dependent.

14.     Suzanne P. Cowan, the Debtor's spouse, has expressly waived any
right to joint possession as set forth in N.J.S.A. 3B:28-3 with regard to the Property, and her
signature on the Deed is not necessary.

5

Case No.        16-14758-SLM

Debtor:         SCOTT P. COWAN

Title of Order: ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                PURSUANT TO 11 U.S.C. §363(b) & (f)

15.    Suzanne P. Cowan, the Debtor's spouse, has expressly waived any rights to match offers or participate in the net proceeds of sale of the Property that might otherwise have been available under 11 U.S.C. §363(i) and (j).

16.    The commission of two and one-half (2.5%) percent of the sales price ($14,162.50) payable to the Trustee's Realtor, Prominent Properties Sotheby's International Realty, is fair and reasonable and, in accordance with the Agreement of Sale half of that amount ($7,081.25) shall be paid directly by the Purchasers and the Trustee is authorized to pay the remaining half ($7,081.25) from the sales proceeds.

17.    No other real estate broker shall have any entitlement to a commission or to share in the foregoing commission.

18.    The Debtor's estate benefitted from the property inspection performed by Ki Wan Lee and Haeyoung Yoon and may reimburse the actual out-of-pocket expense of such inspection, $750.00.

19.    The Purchaser has agreed to accept transfer of the Property subject to the possessory rights, if any, of Marc Djamoos (the "Tenant") rendering it unnecessary to consider the issue of removal.

20.    The Debtor has agreed to waive his entitlement to a homestead exemption under 11 U.S.C. 522(d)(1).

6

Case No.         16-14758-SLM

Debtor:          SCOTT P. COWAN

Title of Order:  ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                 AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                 LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                 PURSUANT TO 11 U.S.C. §363(b) & (f)

21.     The Purchaser has agreed to close no later than 30 days after entry of

this Order approving the sale, time being of the essence.

22.     The relief requested in the Sale Motion and the sale transaction as a

whole is in the best interest of the Trustee, creditors, and the Debtor's bankruptcy estate.

23.     The transfer of the Property free and clear of liens, claims, interests,

and encumbrances as provided for in this Sale Order is appropriate under the circumstances

because the holders of such liens, claims, interests, and encumbrances will be paid in full

and because all such liens, claims, and interests, including the Trustee's claims under 11

U.S.C. §506(c), if applicable, shall attach to the net proceeds of the sale transaction in the

order of their priority, with the same validity, force, and effect as they now have as against

the Property.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

1.      The Agreement of Sale by and between the Trustee, as Seller, and

Purchasers as Buyers, for the Purchase Price of $ $566,500 (subject to normal closing

adjustments and other contingencies as set forth in the Agreement of Sale,) "as is" and for

7

Case No.        16-14758-SLM

Debtor:        SCOTT P. COWAN

Title of Order:    ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §363(b) & (f)

Purchasers to pay to the Trustee an additional amount at closing so that the Trustee nets at

least $154,500 from the sale after satisfaction of all liens, be, and is hereby, approved.

2.        All objections to the Sale Motion or the relief requested therein (if

any) that have not been withdrawn, waived, or settled, and all reservations of rights included

therein, are overruled on the merits.

3.        The terms and conditions and transactions contemplated by the

Agreement of Sale are hereby approved in all respects, and the Agreement of Sale, the sale

transaction and the payment of commissions are hereby approved in all respects under 11

U.S.C. §363(b).

4.        Pursuant to 11 U.S.C. §363(b), the Trustee be and is hereby

authorized, directed, and empowered to fully assume, perform under, consummate, and

implement the Agreement of Sale, together with all additional instruments and documents

which may be reasonably necessary or desirable to implement the Agreement of Sale and

the transactions contemplated thereby, including any agreements to be executed after the

closing in furtherance of the Agreement of Sale, and to take all further actions as may

reasonably be requested for the purpose of assigning, transferring, granting, conveying, and

conferring to Purchasers the Property, or as may be necessary or appropriate to the

performance of the Trustee's obligations as contemplated by the Agreement of Sale,

8

Case No.          16-14758-SLM

Debtor:          SCOTT P. COWAN

Title of Order:  ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                 AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                 LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                 PURSUANT TO 11 U.S.C. §363(b) & (f)

including any and all licenses and municipal approvals (to the extent the same may be

assigned).

     5.     Pursuant to 11 U.S.C. §§105(a) and 363(f), upon the closing under the

Agreement of Sale, the Property shall be transferred to Purchasers free and clear of all

mortgages, security interests, conditional sale, or other title retention agreements, pledges,

liens, statutory liens, judgments, demands, encumbrances, and charges of any kind or nature

and all debts arising in any way in connection with any acts of the Debtor, claims (as that

term is defined in the Bankruptcy Code), obligations, demands of any kind and nature,

arising before the closing date (as such term is defined in the Agreement of Sale), or related

to acts occurring before the closing date, and whether imposed by agreement,

understanding, law, equity or otherwise, with all such liens and claims, including any claims

by the Trustee under 11 U.S.C. §506(c), to attach to the net proceeds of the sale transaction

in the order of their priority, with the same validity, force, and effect that they now have as

against the Property.

     6.     All persons and entities, including, without limitation, any federal,

state or local government agency, department or instrumentality, holding liens or claims

against the Debtor, arising on or before the closing date, or out of events occurring before

the closing date, of any kind and nature with respect to the Property, hereby are barred from

9

Case No.        16-14758-SLM

Debtor:         SCOTT P. COWAN

Title of Order:  ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                 AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                 LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                 PURSUANT TO 11 U.S.C. §363(b) & (f)

asserting such liens and claims of any kind and nature against Purchasers or their

successors.

    7.    Except for their obligations under the Agreement of Sale (including

the guaranty that they shall pay an additional amount as necessary to ensure that the net

proceeds to the Debtor's Estate after satisfaction of all liens shall be not less than

$154,500.00), Purchasers are not assuming nor shall they in any way whatsoever, be liable

or responsible, as successor or otherwise, for any liabilities, debts or obligations of the

Debtor or any liabilities, debts or obligations in any way whatsoever relating to or arising

from the Property, to the extent allowed by applicable law.

    8.    Creditors of the Debtor are directed to execute such documents, at

least ten (10) days before the Closing Date established under the Agreement of Sale, and

take all other actions as may be necessary to release their liens on, or claims, if any, against

the Property, as such liens or claims may have been recorded or may otherwise exist, and

such liens or claims against Property shall instead attach to the proceeds of the sale as

provided for in this Order.

    9.    The Purchaser shall accept the Property subject to the possessory

rights, if any, of the Tenant, Marc Djamoos.

Case No.        16-14758-SLM

Debtor:        SCOTT P. COWAN

Title of Order:    ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §363(b) & (f)

10.    This Court retains exclusive jurisdiction (a) to enforce and implement

the terms and conditions of the Agreement of Sale, all amendments thereto, any waivers and

consents thereunder, and any agreements executed in connection therewith, and any disputes

arising or relating to the executory contracts or leases; (b) to compel delivery of the

Property to Purchasers; (c) to compel delivery of the Purchase Price and all adjustments to

the Purchase Price under the Agreement of Sale; (d) to resolve any disputes, controversies

or claims arising out of or relating to the Agreement of Sale; and (e) to interpret, implement,

and enforce the provisions of this Sale Order.

11.    No provisions of this Sale Order shall release or be construed to

release Purchasers from any of their obligations under the Agreement of Sale.

12.    The terms and provisions of the Agreement of Sale, together with the

terms and provisions of this Sale Order, shall be binding in all respects upon the Trustee, the

Debtor, the bankruptcy Estate, and all creditors of the Debtor and its affiliates, successors

and assigns, and any affected third party, including all persons asserting a claim against or

interest in the Debtor's estate and the Property to be sold to Purchasers pursuant to the

Agreement of Sale.

13.    The failure specifically to include any particular provisions of the

Agreement of Sale in this Sale Order shall not diminish or impair the efficacy of such

11

Case No.          16-14758-SLM

Debtor:           SCOTT P. COWAN

Title of Order:   ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                  AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                  LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                  FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                  PURSUANT TO 11 U.S.C. §363(b) & (f)

provisions, it being the intent of the Court that the Agreement of Sale be approved in its

entirety.

        14.    The Agreement of Sale and any related agreements, documents, or

other instruments, may be modified, amended or supplemented by the parties thereto, in

accordance with the terms thereof, without further Order of the Court, provided that any

such modification, amendment or supplement is not material.

        15.    The Trustee and Purchasers and any agent or representative of any of

them, are each hereby authorized and empowered to serve upon all filing and recording

offices a notice when filing or recording any instrument of transfer (including, without

limitation, deeds, leases, assignments, modifications and terminations of leases, if any) in

accordance with this Sale Order and the Agreement of Sale to evidence and implement this

Sale Order.  All filing and recording officers are hereby directed to accept, file and record

all instruments of transfer including, without limitation, deeds, leases, and assignments,

modifications, and terminations of leases (if any) to be filed and recorded pursuant to and in

accordance with this Sale Order or the Agreement of Sale and the various documents related

thereto.  The Court retains jurisdiction to enforce this direction.

12

Case No.         16-14758-SLM

Debtor:          SCOTT P. COWAN

Title of Order:  ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER
                 AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY
                 LOCATED AT 35 PRESCOTT STREET, DEMAREST, NEW JERSEY,
                 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
                 PURSUANT TO 11 U.S.C. §363(b) & (f)

16.     If Purchasers assign to an assignee, Purchasers shall give notice to the Court, demonstrating the assignee's financial ability and good faith and satisfaction of the Abbotts Dairy standards.

17.     The within sale is a sale by a Trustee in a bankruptcy proceeding, and is therefore exempt from the realty transfer tax set forth in N.J.S.A. 46:15-5 et seq.

18.     The Trustee may pay $750.00 to Ki Wan Lee and Haeyoung Yoon for out-of-pocket expenses incurred for inspection of the Property.

19.     The Debtor waives his entitlement to a homestead exemption under 11 U.S.C. 522(d)(1).

20.     The within sale is not subject to  the Bulk Sale Law, N.J.S.A. 54:50-38 and N.J. Div. of Tax. Tech. Bull. 60R (October 21, 2010).

21.     The Trustee's Realtor, Prominent Properties Sotheby's International Realty , may be paid a commission of $14,162.50, *i.e.*, 2.5% percent of the sales proceeds, at the closing of the sale of the Property, half to be paid by Purchasers ($7,081.25) from their own funds (exclusive of the sale price) and the Trustee is authorized to pay the other half ($7,081.25) from the sale proceeds.

22.     The closing of the sale of the Property shall occur no later than 30 days after entry of this Order, time being of the essence.

13

# CONTRACT FOR SALE OF REAL ESTATE

This Contract for Sale is made on     January *26* , 2017

**BETWEEN**          **Benjamin A. Stanziale, Jr., Chapter 7 Trustee for Scott P. Cowan,**

whose address is **Stanziale & Stanziale, P.C., 29 Northfield Ave, Suite 201, West Orange, New Jersey 07052-5335,**

referred to as the Seller,

**AND**          **Jay Lustberg and Margaret Ann Lustberg, and/or their Assignees and/or Designees**

whose address is **167 Oldfield Avenue, Hasbrouck Heights, New Jersey, 07604,**

referred to as the Buyers.

The words "Buyer" and "Seller" include all Buyers and Sellers listed above.

**1.      Purchase Agreement.** The Seller agrees to sell and the Buyer agrees to buy the Property described in this contract on the terms set forth herein.

**2.      Property.** The property to be sold consists of: (a) the land and all the buildings, other improvements and fixtures on the land; (b) all of the Seller's rights relating to the land; and (c) all personal property specifically included in this contract. The real property to be sold is commonly known as **35 Prescott Street, Demarest, New Jersey, 07627 (the "Property").** It is known and designated on the municipal tax map as lots 256, 257, 258, 259 260 on a certain map entitled "Plan of Boston Land Co. Estate, Demarest, N.J." filed in the Bergen County Clerk's Office on December 11, 1891 as Filed Map No. 554.

**3.      Purchase Price.** The purchase price is **$566,500**, cash, **"as is,"** and Buyer agrees to make an additional payment at closing so that there is **no net of less than $154,500 to the Bankruptcy Estate in the Matter of In re: Scott P. Cowan, 16-14758-SLM,** after paying off the two existing mortgages of secured creditors, all real estate taxes and the Broker's Commission set forth in Paragraph 27.

**4.      Payment of Purchase Price.** The Buyer will pay the purchase price as follows:

Due X calendar days after fully executed contract ("Deposit"):          $20,000

*2/8/17*

Balance to be held in trust by the Trustee and paid at
closing of title, in cash or by Attorney Trust Account Check,
certified or bank cashier's check (subject to adjustment at closing): $546,500

Total:          $566,500

**5.      Deposit Moneys.** All Deposit monies will be held in a non-interest bearing trustee account of the Trustee in escrow pending Closing and no bank fees shall be charged against the Deposit until after the Closing.

**6.      Time and Place of Closing.** The Closing of the sale between Seller and Buyer shall be _____ , **2017** (the "Closing" or "Closing Date"). The closing will be held at the Buyer's attorney's office, Norgaard O'Boyle, 184 Grand Avenue, Englewood, New Jersey 07631 or by overnight mail. The Closing shall take place within twenty (20) days of the Order approving this sale.

7. **Contingencies.**

(a) This Agreement is contingent upon Seller obtaining, at its sole cost and expense, a Court Order of the United States Bankruptcy Court in the Matter of Scott P. Cowan, Case No. 16-14758-SLM, approving the sale of the Property to the Buyers free and clear of all interests, liens and encumbrances, within ninety (90) days of the date of this Agreement, and any and all other interests, with valid liens to be attached to proceeds, pursuant to 11 U.S.C. § 363.

(b) Seller shall make immediate application for approval of the Bankruptcy Court Order, and Seller shall provide the Buyer with notice of the Trustee's application for said Order, the hearing date, copies of any objections, the names, addresses and nature of any and all other competing bids.

(c) If Bankruptcy Court approval and a court order approving the pending sale of the Property pursuant free and clear of liens, claims and encumbrances, with valid liens to attached to proceeds, pursuant to 11 U.S.C. § 363 is not granted within the above stated period, either party may terminate this Agreement with all deposit monies, being returned to Buyer within five (5) days of receipt of notice.

(d) This sale is subject to Bankruptcy Court approval and Buyer recognizes that all bankruptcy sales are subject to higher and better offers at the time of the hearing.

8. **Mortgage Contingency.** The Buyer agrees to make a good faith effort to obtain a first mortgage upon the terms listed below and specifically agrees to not reject the mortgage commitment if the rate is too high. The Buyer has **35 days** from the execution of the Contract by Buyer and Seller, to obtain a commitment from a lender for this mortgage loan. If this is not done before this deadline, and any agreed upon extensions, either party may cancel this contract.

Type of Mortgage:  _X_ conventional  ____ FHA  ____ VA  ____ other  _____
Amount of Loan: $453,200 (80% of sale price)         Interest Rate:  ____ prev. %
Length of Mortgage:   30 years with monthly payments based on a 30 year payment schedule.

9. **Transfer of Ownership.** At the closing, the Seller will transfer ownership of the Property to the Buyer. The Seller will give the Buyer a properly executed Trustee Deed and an adequate Affidavit of Title and a Bankruptcy Court Order allowing the sale free and clear of all liens and encumbrances.

10. **Type of Deed.** The Property shall be conveyed by Trustee's Deed which Buyer agrees to accept at closing.

11. **Liquidated Damages.** In the event that Buyer fails to consummate the transactions contemplated by this Agreement for any reason other than Buyer's inability to satisfy the mortgage contingency clause in Paragraph 7, Seller shall (as its sole remedy) be entitled to receive the entire Deposit in the amount of $20,000.00 as liquidated damages. The parties have agreed that Seller's actual damages, in the event of a failure to consummate this sale due to Buyer's default, would be extremely difficult or impracticable to determine. After negotiation, the parties have agreed that, considering all the circumstances existing on the date of this Agreement, the amount of the Deposit is a reasonable estimate of the damages that Seller would incur in such event.

12. **Personal Property and Fixtures.** Many items of Property become so attached to a building or other real property that they become a part of it. These items are called fixtures. They include such items as the stove, refrigerator, fireplaces, patios and built-in shelving. All fixtures are **INCLUDED** in this sale unless they are listed below as being **EXCLUDED**.

13. **Physical Condition of the Property.** This Property is being sold "as is." The Seller does not make any claims or promises about the condition or value of any of the Property included in this sale.

14.  **Inspection of the Property and "As Is Property Condition"**. Buyer understands that Seller has never lived in or on the Property. The Property is being sold and purchased as an <u>as is, where is condition without representations or warranties expressed or implied</u>. However, inspections may be required by the Lender in order to satisfy the mortgage contingency. Buyer is charged with knowledge of any facts about the condition of the Property known to debtor Scott P. Cowan, or Buyer's daughter, Suzanne Cowan, as Scott and Suzanne have been in possession of the Property prior to Closing.

15.  **Sale Free and Clear of Liens.**  As set forth above, the Property is being sold "as is," however will be free and clear of liens on the date of closing as this sale will require bankruptcy court approval, and the required motion to approve sale will be filed pursuant to 11 U.S.C. § 363. This purchase shall be subject to easements and restrictions of record, if any, and such facts as on an accurate survey may disclose.

16.  **Building and Zoning Laws.**  Any special assessments, municipal assessments, or liens that are due or incurred after closing will be the responsibility of Buyer. Seller does not agree to comply or bring Property into compliance with any violation notices or requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property as of the date of closing this contract, unless expressly addressed in this Agreement. Buyer specifically agrees to comply or bring Property into compliance with any government code or other requirements. If a Certificate of Occupancy is required to complete the closing, it is Buyer's sole responsibility to apply for and obtain same.

17.  **Flood Hazard Area.**  The federal and state governments have designated certain areas as "flood hazard areas." This means they are more likely to have floods than other areas. Buyer acknowledges that the Property may be within a flood hazard area, and Buyer waives Buyer's right to void this Agreement for such reasons, unless required by lender to satisfy mortgage contingency.

18.  **Property Lines.**  The Seller makes no representations as to whether all buildings, driveways and other improvements on the Property are within its boundary lines. Additionally, Seller makes no representations that any improvements on adjoining properties do not extend across the boundary lines of this Property. By signing this Contract, Buyer acknowledges that it has reviewed a survey of the Property and accepts the Property as is, subject only to satisfaction of mortgage contingency.

19.  **Ownership.**  The Seller agrees to transfer and the Buyer agrees to accept ownership of the Property subject only to:

  (a)  the rights of utility companies to maintain pipes, poles, cables, and wires over, on and under the street, the part of the Property next to the street or running to any house or other improvement on the Property;

  (b)  recorded agreements which limit the use of the Property, unless the agreements: (1) are presently violated; (2) provide that the Property would be forfeited if they were violated; or (3) unreasonably limit the normal use of the Property; and

  In addition to the above, the fee simple title of the Buyer must be insurable by any title insurance company authorized to do business in New Jersey subject only to the above exceptions.

  If the defect(s)/cloud(s) on title are <u>not</u> cured by Seller to vest clear title thereby allowing for the issuance of first mortgage insurance title to the Buyer/lender, the Buyer can terminate the transaction and receive back any and all Deposit monies paid to date. The curing of any defect/cloud on title must be done within a reasonable time period.

20.  **Risk of Loss.**  The Debtor, Scott P. Cowan, is responsible for any damage to the Property, except for normal wear and tear, until the closing.

21. Disclosure of Information on Lead-Based Paint and Lead-Based Hazards.

(a) Lead Warning Statement: Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessment or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

(b) Seller's disclosure: The Seller has made no determination, and will make no determination, as to whether or not lead-based paint and/or lead-based paint hazards are present in the housing.

(c) Buyer's Waiver: By signing the Agreement and Initialing below, unless required by Buyer's Lender in order to satisfy the mortgage contingency, Buyer waives the 10 day opportunity to conduct a risk assessment or inspection of lead-based paint and/or lead based paint hazards provided by 42 U.S.C. § 4852d.

(d) Buyer's Acknowledgment. Buyer acknowledges the following:

(i) Buyer has read the Lead Warning Statement above and understands its contents.

(ii) If the improvements on the Property were built prior to 1978, Buyer has received the pamphlet Protect Your Family from Lead in Your Home.

(iii) Buyer has waived the 10-day opportunity to conduct a risk assessment or inspection of lead-based paint and/or lead-based hazards.

**22. Assessments for Municipal Improvements.** Certain municipal improvements such as sidewalks and sewers may result in the municipality charging property owners to pay for the improvements. All unpaid charges (assessments) against the Property for work completed before the closing will be paid for by the Buyer at or before closing. If the improvement is not completed before the closing, then only the Buyer will be responsible. If the improvement is completed, but the amount of the charge (assessment) is not determined, the Buyer will pay an estimated amount at the closing. When the amount of the charge is finally determined, the Buyer will pay any deficiency (if the estimate proves to have been too low), or the Buyer will be refunded any excess (if the estimate proves to have been too high).

**23. Adjustments at Closing.** The Buyer agrees to pay the following expenses as of the closing date: municipal water charges, sewer charges, taxes, interest on any mortgage to be paid at closing, and the Broker's Commission as set forth in Paragraph 27 below.

**24. Possession.** At the closing the Buyer will be given legal title and all rights to possession of the Property. Seller makes no representations as to whether any tenant shall have any right to the Property, and Buyer agrees to accept any Tenant/Tenants who are in the Property. Seller shall have no responsibility to remove or evict any Tenant(s), as this is the Buyer's sole responsibility.

**25. Complete Agreement.** This contract is the entire and only agreement between the Buyer and the Seller. This contract replaces and cancels any previous agreements between the Buyer and the Seller. This contract can only be changed by an agreement in writing signed by both Buyer and Seller. The Seller states that the Seller has not made any other contract to sell the Property to anyone else.

Page 4 of 6

26.    **Parties Liable.** This contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities. This contract may not be assigned without Seller's express written consent.

27.    **Notices.** All notices under this contract must be in writing. Notice by Certified Mail is waived. All correspondence and other notices sent by facsimile/email with confirmation of transmission during regular business hours, shall be deemed acceptable services, except for any correspondence or notice purporting to make time of the essence, which shall be provided both by facsimile during regular business hours, and also by certified mail, return receipt requested. Regular business hours are defined as Monday through Friday, 9am through 5pm, excluding legal holidays. Any facsimile received after 5pm shall be deemed received the next regular business day.

28.    **Realtor's Commission.** Each of Seller and Buyer represents and warrants to the other that, except for Professional Prominent Properties Sotheby's International Realty, no broker or finder was instrumental in arranging or bringing about this transaction and, to each party's knowledge, there are no Claims or rights for brokerage commissions or finders' fees in connection with the transactions contemplated hereby by any Person or entity. Buyer shall be solely responsible for paying a 1.25% commission which is agreed to be $7,081.25, pursuant to a separate agreement with the Seller to be memorialized by order of the Bankruptcy Court. If any other Person brings a Claim for a commission or finder's fee based upon any contact, dealings or communication with Buyer or Seller, then the party through whom such Person makes its Claim shall defend the other party from such Claim, and shall indemnify such other party and hold such other party harmless from any and all costs, damages, claims, liabilities or expenses (including without limitation, reasonable attorneys' fees and disbursements) incurred by it in defending against the claim. The provisions of this Section shall survive the Closing or, if the Closing does not occur, any termination of this Agreement.

29.    **Radon Testing, Reports and Mitigation.** Radon is a radioactive gas which results from the natural breakdown of uranium in soil, rock and water. It has been found in homes all over the United States and is a carcinogen. For more information on radon go to www.epa.gov/iaq/radon/pubs/hmbyouid.html or www.state.nj.us/dep/rpp/radon/index.htm or call the NJ Radon Hot Line at 1-800-648-0394 or 1-609-984-5425.

Seller has not determined and will not determine whether the Property has been tested for radon or whether a radon inspection/test has been conducted on the Property. Buyer represents that Buyer has been given sufficient time and opportunity by Seller to inspect and investigate the Property prior to the signing of this Agreement and that Buyer is satisfied with the level of any radon that may be present on the Property or will take appropriate measure to remediate any radon present on the Property. Buyer agrees that Seller shall be under no obligation to remediate or pay for the remediation of any radon present on the Property, unless required by lender to satisfy the mortgage contingency.

| Witness | Date | Buyer, Jay Lustberg and/or his Assignees and/or Designees |
|---|---|---|
| | 01/26/17 | |

| Witness | Date | Buyer, Margaret Ann Lustberg, and/or her Assignees and/or Designees |
|---|---|---|
| | 1/26/17 | |

Page 5 of 6

| Witness | Date | Seller, Benjamin A. Stanziale, Jr., Chapter 7 Trustee for Scott P. Cowan |
|---|---|---|

_____      _____      _____

### WAIVERS

**Waiver of Right to Exemption.** The Debtor in In re: Scott P. Cowan, 16-14758-SLM, Scott P. Cowan, hereinafter referred to as the "Debtor," waives any right to his statutory exemption in said bankruptcy matter.

Agreed to and accepted by Scott P. Cowan:

_____
Scott P. Cowan, Debtor

**Waiver of Rights to Property by Suzanne Cowan.** In consideration of the Trustee accepting this offer, Suzanne Cowan, wife of the Debtor, waives any rights to assert any and all interests in the Property under New Jersey law or to meet the purchase price or to participate in the sales proceeds which might be provided by New Jersey law or 11 U.S.C. § 363 with respect to this sale or if the sale to the Buyer is unsuccessful and the Seller sells the Property to another party.

Agreed to, and accepted by Suzanne Cowan:

_____
Suzanne Cowan

140771

United States Bankruptcy Court
District of New Jersey

In re:
Scott P. Cowan
    Debtor

Case No. 16-14758-SLM
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin         Page 1 of 2         Date Rcvd: Mar 09, 2017
                    Form ID: pdf903   Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 11, 2017.
db            +Scott P. Cowan,   35 Prescott St.,   Demarest, NJ 07627-1906
aty          +Scura, Wigfield, Heyer & Stevens, LLP,   1599 Hamburg Turnpike,   POB 2031,
             Wayne, NJ 07474-2031

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                               TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2017                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 9, 2017 at the address(es) listed below:
      Benjamin A. Stanziale, Jr.   on behalf of U.S. Trustee   United States Trustee
       trustee@stanzialelaw.com, nj45@ecfcbis.com
      Benjamin A. Stanziale, Jr.   on behalf of Trustee Benjamin A. Stanziale, Jr.
       trustee@stanzialelaw.com, nj45@ecfcbis.com
      Benjamin A. Stanziale, Jr.   trustee@stanzialelaw.com, nj45@ecfcbis.com
      Brian Gregory Hannon   on behalf of Creditor Susan A. Cowan bhannon@norgaardfirm.com,
       sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com
      Daniel E. Straffi   on behalf of Creditor Joanne  Gwin dstraffi1@comcast.net,
       G25938@notify.cincompass.com
      Daniel E. Straffi   on behalf of Creditor George  Gwin dstraffi1@comcast.net,
       G25938@notify.cincompass.com
      David  Gerardi   on behalf of U.S. Trustee   United States Trustee david.gerardi@usdoj.gov
      David E. Sklar   on behalf of Defendant Scott P. Cowan dsklar@scuramealey.com,
       ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
      David L. Stevens   on behalf of Debtor Scott P. Cowan dstevens@scuramealey.com,
       cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com
      David L. Stevens   on behalf of Defendant Scott P. Cowan dstevens@scuramealey.com,
       cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com
      Denise E. Carlon   on behalf of Creditor  M&T BANK dcarlon@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      Erin Marie Greene   on behalf of Plaintiff  Division of Consumer Affairs
       erin.greene@lps.state.nj.us
      Jeanette F. Frankenberg   on behalf of Creditor  Cenlar FSB as servicing agent for Lakeview Loan
       Servicing, LLC cmecf@sternlav.com
      Jerrold S. Kulback   on behalf of Creditor  Fulton Bank of New Jersey jkulback@archerlaw.com,
       mfriedman@archerlaw.com
      Jerrold S. Kulback   on behalf of Plaintiff  Fulton Bank of New Jersey jkulback@archerlaw.com,
       mfriedman@archerlaw.com
      John R. Morton, Jr.   on behalf of Creditor  Ford Motor Credit Company, LLC
       mortonlaw.bcraig@verizon.net,  donnal@mortoncraig.com;mhazlett@mortoncraig.com
      Karl J. Norgaard   on behalf of Creditor Susan A. Cowan knorgaard@norgaardfirm.com,
       sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com
      Mark J. Molz   on behalf of Plaintiff Patricia  Bollman molzlaw@aol.com
      Mark J. Molz   on behalf of Plaintiff Maureen  Molz molzlaw@aol.com
      Mark J. Molz   on behalf of Plaintiff Mark J Molz molzlaw@aol.com
      Mark J. Molz   on behalf of Creditor Mark J. Molz molzlaw@aol.com
      Patricia A. Staiano   on behalf of Trustee Benjamin A. Stanziale, Jr. pstaiano@hlgslaw.com,
       pstaiano@hlgslaw.com

```
District/off: 0312-2          User: admin              Page 2 of 2         Date Rcvd: Mar 09, 2017
                              Form ID: pdf903          Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Travis L. Kreiser    on behalf of Creditor    Shore Fasteners & Supply Inc.
                  travis.kreiser@verizon.net
              United States Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                              TOTAL: 24